JOSEPH SAWYER, plaintiff in error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Lee.*

On the trial of an indictment for receiving stolen goods, the jury found the accused guilty and fixed his term of service in the penitentiary at two years. The Court, upon the rendition of the verdict, sentenced him to two years' imprisonment in the penitentiary: *Held,* that the verdict, under the statute, was too general, and substantially defective in not stating the value of the goods received, and that the judgment pronounced thereon was unauthorised.

INDICTMENT against the plaintiff in error for receiving stolen goods, tried at the May term 1846, of the Lee Circuit Court, before the Hon. Thomas C. Browne and a jury. Verdict against the defendant below, in the form stated by the Court in their Opinion.

The cause was submitted to this Court without argument.

*J. O. Glover & B. C. Cook*, for the plaintiff in error, made the following points:

The verdict of the jury was clearly insufficient in not finding the value of the stolen property alleged to have been received by the plaintiff in error. *Highland* v. *The People*, 1 Scam. 392.

The statute provides that no person shall be confined in the penitentiary for receiving stolen goods, unless the value of the property so, received shall amount to five dollars. Rev. Stat. 161, § 63.

*D. B. Campbell*, Attorney General, for the People.

The Opinion of the Court was delivered by

Treat, J.*    The plaintiff in error was tried and convicted on an indictment for receiving stolen goods. The goods were described in the indictment as two pieces of broad-cloth of the value of sixteen dollars, and one piece of satinett of the value of four dollars. The verdict of the jury was in these words: "We the jury find the defendant guilty, and fix the period of service in the penitentiary at two years." On this verdict, the Court sentenced the prisoner to two years' imprisonment in the penitentiary. To reverse that judgment, he has prosecuted a writ of error. The assignment of errors raises the question of the sufficiency of the verdict to sustain the judgment of the Court. The sixty third section of the Criminal Code provides, that "no person convicted of larceny, or of buying or receiving goods or other things obtained by larceny, burglary or robbery, shall be condemned to the penitentiary, unless the money or the value of the thing stolen, bought or received, shall amount to five dollars." Rev. Stat. 161. Under this provision of the statute, it was decided by this Court in the case of *Highland* v. *The People*, 1 Scam. 392, that a verdict of guilty on an indictment for larceny without finding the value of the property stolen, was not sufficient to uphold a judgment rendered on it. The Court held that it was the value of the stolen property which determined the character of the offence, and regulated the mode of the punishment. It therefore became necessary for the jury to ascertain the value and state it in their verdict, that the Court might know with certainty, whether the accused should be subjected to punishment by confinement in

---

* Justice Young did not sit in this case.

the penitentiary, or by the payment of a fine and imprisonment in the county jail. The value of the goods might not be correctly alleged in the indictment, and the people might fail to show that all of them were stolen by the prisoner.

The jury, in fixing the period of confinement in the penitentiary, ought to show on the face of their verdict that they acted within the provisions of the section herein before recited. That should appear affirmatively, and not require inference or implication to sustain it.

That decision is conclusive of the present case. The verdict is too general; it is substantially defective in not stating the value of the goods received by the prisoner. The degree of the offence he has committed, and the character of the punishment he ought to suffer, are not clearly manifested by the finding of the jury. The judgment pronounced by the Circuit Court on the accused was unauthorized, and must be reversed.

The judgment of the Circuit Court is reversed.

*Judgment reversed.*

